**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**CITY OF BALTIMORE,** *ex rel.* **Ebony Thompson,**

*Plaintiff,*

v.

**VGW MALTA LTD, VGW CANADA INC., VGW GP LTD, VGW GAMES LTD, VGW LUCKYLAND, INC., d/b/a CHUMBACASINO and LUCKYLAND SLOTS, B-TWO OPERATIONS LIMITED, MCLUCK INC., d/b/a MCLUCK CASINO, YELLOW SOCIAL INTERACTIVE LIMITED, YSI US, INC., d/b/a PULSZ, SWEEPSTEAKS LIMITED, EASYGO GROUP HOLDINGS PTY LTD., d/b/a STAKE.US, PTT, LLC, HIGH 5 ENTERTAINMENT, LLC, d/b/a HIGH 5 GAMES, BLAZESOFT LTD., and SOCIAL GAMING LLC, d/b/a FORTUNE COINS,**

*Defendants.*

Case No. 1:26-cv-1591

**JURY TRIAL DEMANDED**

**STIPULATION REGARDING BRIEFING SCHEDULE AND RESPONSIVE PLEADINGS**

Plaintiff the Mayor and City Council of Baltimore (the "City") and Defendants VGW Malta Ltd., VGW Canada Inc., VGW GP Ltd., VGW Games Ltd., VGW Luckyland, Inc., Yellow Social Interactive Limited, YSI US, Inc., Sweepsteaks Limited, Easygo Group Holdings Pty Ltd., High 5 Games, LLC s/h/a PTT, LLC, High 5 Entertainment, LLC, Blazesoft Ltd., and Social Gaming

LLC (collectively, "Defendants," and together with the City, the "Parties"), by and through their respective undersigned counsel, hereby stipulate and agree as follows:

**WHEREAS**, on April 8, 2026, the City filed its First Amended Complaint in the Circuit Court for Baltimore City, captioned *City of Baltimore, ex rel. Ebony Thompson v. VGW Malta Ltd, et al.*, Case No. CV-26-001646 (the "Action");

**WHEREAS**, on April 23, 2026, High 5 Games, LLC ("H5G"),[1] with the consent of all other Defendants properly joined and served, removed the Action to the United States District Court for the District of Maryland, where it was assigned Case No. 1:26-cv-1591;

**WHEREAS**, the City intends to file a motion to remand the Action to the Circuit Court for Baltimore City (the "Motion to Remand");

**WHEREAS,** the City intends to move to remand this Action to the Circuit Court for Baltimore City (the "Motion to Remand") pursuant to the *Burford* abstention doctrine, *see Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), on the grounds that the City's claims arise under the Baltimore City Consumer Protection Ordinance and require the resolution of difficult and unsettled questions of Maryland law concerning the State's comprehensive regulation of gambling—including the Maryland Lottery and Gaming Control Agency's ("MLGCA") determination that Defendants' "social casino" platforms constitute illegal, unauthorized gaming under Maryland law and the MLGCA's related enforcement activity directed at Defendants—and that federal adjudication of those questions would unduly interfere with Maryland's efforts to establish a coherent policy with respect to online gambling;

**WHEREAS,** in *City of Baltimore v. DraftKings Inc., et al.*, No. 1:25-cv-01487-SAG (D. Md.), the United States District Court for the District of Maryland (Gallagher, J.) granted the City's

[1] As articulated in the Notice of Removal, PTT, LLC changed its name to High 5 Games, LLC in 2022.

motion to remand on *Burford* abstention grounds on November 10, 2025, ECF No. 48, and Defendants in that action have appealed the remand order to the United States Court of Appeals for the Fourth Circuit, *City of Baltimore ex rel. Ebony Thompson v. DraftKings Inc., et al.*, No. 25-2372 (the "Fourth Circuit Appeal"), the resolution of which is expected to bear directly on the disposition of the City's anticipated Motion to Remand in this Action;

**WHEREAS**, the Parties have conferred and agree that, in the interest of judicial economy and the efficient management of this Action, all proceedings—including but not limited to briefing on the anticipated Motion to Remand and Defendants' deadlines to answer or otherwise respond to the operative complaint—should be stayed and/or deferred pending resolution of the Fourth Circuit Appeal;

**NOW, THEREFORE**, subject to the approval of the Court, the Parties, by and through their undersigned counsel, hereby stipulate and agree as follows:

**1.** **Filing of the Motion to Remand**. This action was removed to Federal Court on April 23, 2026, ECF No. 1. The City shall file its Motion to Remand on or before May 25, 2026, the date that it is currently due. 28 U.S.C. § 1447.

**2.** **Stay of Briefing on the Motion to Remand**. All briefing on the Motion to Remand, including the opening brief in support of remand, shall be stayed until the earlier of: (a) thirty (30) days after the issuance of a final decision by the United States Court of Appeals for the Fourth Circuit in the Fourth Circuit Appeal; or (b) four (4) months from the date of this Stipulation (the "Stay Period"). The Parties may, by mutual written agreement, and subject to the Court's approval extend the Stay Period as appropriate.

**3.** **Post-Stay Briefing Schedule**. Upon the conclusion of the Stay Period, if the City elects to pursue the Motion to Remand, the Parties shall meet and confer regarding a briefing

schedule. Absent agreement to a different schedule, the City shall have thirty (30) days from the conclusion of the Stay Period to file their opening brief in support of the Motion to Remand, Defendants shall have thirty (30) days from the filing of the City's opening brief to file their opposition to the Motion to Remand, and the City shall have thirty (30) days from the filing of Defendants' opposition to file any reply.

**4.** **Withdrawal of the Motion to Remand**. If, at any time, the City withdraws the Motion to Remand, Defendants shall have thirty (30) days from the date of withdrawal to answer or otherwise respond to the operative complaint.

**5.** **Deferral of Responsive Pleadings**. Defendants' deadlines to answer or otherwise respond to the operative complaint are deferred during the pendency of the Motion to Remand. In the event the Motion to Remand is denied, Defendants shall have thirty (30) days from the entry of the order denying the Motion to Remand to answer or otherwise respond to the operative complaint, unless the Parties otherwise agree or the Court otherwise orders.

**6.** **No Waiver**. Nothing in this Stipulation shall be construed as a waiver of any claim, defense, or argument by any Party, including without limitation any jurisdictional defense, any defense based on service of process, or any argument concerning the propriety of removal or remand. By entering this Stipulation, no Defendant waives, and each Defendant expressly preserves, all rights, defenses, and objections, including but not limited to those under Federal Rule of Civil Procedure 12.

**IT IS SO STIPULATED.**

Dated: May 19, 2026

**DICELLO LEVITT LLP**

By: */s/ Adam J. Levitt*_____
Adam J. Levitt
Daniel R. Ferri*
Eaghan Davis*
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Tel: (312) 214-7900
alevitt@dicellolevitt.com
dferri@dicellolevitt.com
edavis@dicellolevitt.com

**BALTIMORE CITY LAW DEPARTMENT**

Ebony M. Thompson, City Solicitor
Sara Gross (Md. Bar No. 27704)
Natalie Neill
100 N. Holliday Street, Suite 101
Baltimore, MD 21202
ebony.thompson@baltimorecity.gov
sara.gross@baltimorecity.gov
natalie.neill@baltimorecity.gov

*Counsel for Plaintiff*

Dated: May 19, 2026

**DUANE MORRIS LLP**

By: */s/ Tristan A. Dietrick*____
Robert B. Hopkins
Tristan A. Dietrick
1201 Wills Street, Suite 330
Baltimore, MD 21231-3805
Tel: (410) 949-2949
RBHopkins@duanemorris.com
TDietrick@duanemorris.com

Bill Gantz*
Alex G. Anderson
901 New York Avenue NW, Suite 700 E
Washington, D.C. 20001
Tel: (857) 488-4234
BGantz@duanemorris.com
AGAnderson@duanemorris.com

*Counsel for Defendant High 5 Games, LLC, High 5 Entertainment, LLC, Yellow Social Interactive Limited, YSI, Inc.*

**ORRICK HERRINGTON & SUTCLIFFE LLP**

By: */s/ Behnam Dayanim*____
Behnam Dayanim*
Gregory Beaman*
Mike Rosenberg*
2100 Pennsylvania Ave NW,
Washington, DC 20037
Tel: (202) 339-8613
bdayanim@orrick.com
gbeaman@orrick.com
mrosenberg@orrick.com

*Counsel for VGW Defendants*

**IFRAH PLLC**

By: /s/ *James M. Trusty* ______
A. Jeff Ifrah
James Trusty
Robert W. Ward*
1717 Pennsylvania Avenue NW, Suite 650
Washington, D.C. 20006
Tel: (202) 524-4140
jeff@ifrahlaw.com
jtrusty@ifrahlaw.com
rward@ifrahlaw.com

*Counsel for Defendants Blazesoft Ltd., Social Gaming LLC, Sweepsteaks Limited, and Easygo Group Holdings Pty. Ltd.*

*(pro hac vice forthcoming)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**CITY OF BALTIMORE,** *ex rel.* **Ebony Thompson,**

*Plaintiff,*

v.

**VGW MALTA LTD, VGW CANADA INC., VGW GP LTD, VGW GAMES LTD, VGW LUCKYLAND, INC., d/b/a CHUMBACASINO and LUCKYLAND SLOTS, B-TWO OPERATIONS LIMITED, MCLUCK INC., d/b/a MCLUCK CASINO, YELLOW SOCIAL INTERACTIVE LIMITED, YSI US, INC., d/b/a PULSZ, SWEEPSTEAKS LIMITED, EASYGO GROUP HOLDINGS PTY LTD., d/b/a STAKE.US, PTT, LLC, HIGH 5 ENTERTAINMENT, LLC, d/b/a HIGH 5 GAMES, BLAZESOFT LTD., and SOCIAL GAMING LLC, d/b/a FORTUNE COINS,**

*Defendants.*

Case No. 1:26-cv-1591

**JURY TRIAL DEMANDED**

**[PROPOSED] ORDER**

Upon consideration of the Parties' Stipulation Regarding Briefing Schedule and Responsive Pleadings, and good cause appearing therefor, it is hereby **ORDERED** that the Stipulation is **APPROVED**, and it is further **ORDERED** as follows:

**1.** All proceedings—including briefing on Plaintiff's Motion to Remand—are **STAYED** until the earlier of (a) thirty (30) days after the issuance of a final decision by the United

States Court of Appeals for the Fourth Circuit in the DraftKings/FanDuel appeal or (b) four (4) months from the date of the Stipulation (the "Stay Period");

**2.** If, upon the conclusion of the Stay Period, Plaintiff elects to pursue the Motion to Remand, the City shall have thirty (30) days from the conclusion of the Stay Period to file their opening brief in support of the Motion to Remand, Defendants shall have thirty (30) days from the filing of the City's opening brief to file their opposition to the Motion to Remand, and the City shall have thirty (30) days from the filing of Defendants' opposition to file any reply;

**3.** If Plaintiff withdraws the Motion to Remand, Defendants shall answer or otherwise respond to the operative complaint within thirty (30) days of the date of withdrawal;

**4.** Defendants' deadlines to answer or otherwise respond to the operative complaint are deferred during the pendency of the Motion to Remand. In the event the Motion to Remand is denied, Defendants shall answer or otherwise respond to the operative complaint within thirty (30) days of the entry of the order denying the Motion to Remand, unless the Parties otherwise agree or the Court otherwise orders; and

**5.** Nothing in this Order shall be construed as a waiver of any claim, defense, or argument by any Party, including without limitation any jurisdictional defense, any defense based on service of process, or any argument concerning the propriety of removal or remand.

**IT IS SO ORDERED.**

Dated: ____________________, 2026

______________________________________
Judge Brendan A. Hurson
District Judge